IN THE UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

In re:

TAYLOR, BEAN & WHITAKER
MORTGAGE CORP., *et al.*,

                                          Debtors.      Chapter 11

Neil F. Luria, Trustee for the Taylor, Bean      Case No. 3:09-bk-07047-JAF
& Whitaker Plan Trust,

                                          Plaintiff      Adv. Pro. No. 3:11-00710

v.

Henley Holdings, LLC,

                                          Defendant

## ANSWER TO COMPLAINT TO AVOID PREFERENTIAL TRANSFERS

Henley Holdings, LLC ("Defendant") responds to Plaintiff's Complaint to Avoid Preferential Transfers into recovered property transfer pursuant to 11 U.S.C. § 550 as follows:

### JURISDICTION

1.      The allegations in Paragraph 1 of Plaintiff's Complaint are admitted.

2.      Defendant admits to the allegations in Paragraph 2 regarding jurisdiction pursuant to 28 U.S.C. § 1334(b) but denies that this is a core proceeding . *See Stern v. Marshall*, 131 S. Ct. 2594 (2011).

### PARTIES AND PROCEDURAL BACKGROUND

3.      The allegations in Paragraph 3 of Plaintiff's Complaint are admitted.

- 1 -

4. The allegations in Paragraph 4 of Plaintiff's Complaint are admitted.

5. The allegations in Paragraph 5 of Plaintiff's Complaint are admitted.

6. The allegations in Paragraph 6 are denied. Defendant does not have any record of ever receiving a letter from Plaintiff regarding the Payments.

### 7. COUNT ONE

8. Defendant incorporates by reference the responses to Plaintiff's allegation in Paragraphs 1-6.

9. Defendant does not have sufficient knowledge or information to either admit or deny the allegations of Paragraph 8 of Plaintiff's Complaint.

10. The allegations in Paragraph 9 of Plaintiff's Complaint are denied. Defendant does not have any record of having received payments from the Debtor in the amounts alleged in Paragraph 9 of Plaintiff's Complaint.

11. The allegations in Paragraph 10 of Plaintiff's Complaint do not make factual allegations requiring a response by this Defendant.

12. The allegations in Paragraph 11 of Plaintiff's Complaint are denied. Defendant is a creditor of the Debtor by virtue of certain indemnity/contractual obligations under a Mortgage Loan Sale and Servicing Agreement dated as of October 17, 2007 (the "MLSSA") to which Debtor and Defendant are parties thereto. Debtor previously acted as servicer on Defendant's behalf for a period of time prior to the filing of Debtor's bankruptcy on August 24, 2009 with respect to mortgage loans sold to Defendant pursuant to the MLSSA. Any payments that Defendant received from Debtor were derived from loan payments collected by Debtor in its ordinary course of business as the servicer of the loans and passed through to Defendant, the owner of such

mortgage loans and related payments. No such payments from Debtor were applicable to any debt owed by Debtor to Defendant.

13. The allegations in Paragraph 12 of Plaintiff's Complaint are denied.

14. The allegations in Paragraph 13 of Plaintiff's Complaint are denied.

15. The allegations in Paragraph 14 of Plaintiff's Complaint are denied.

16. Defendant does not have sufficient knowledge or information to either admit or deny the allegations of Paragraph 15 of Plaintiff's Complaint.

17. Defendant does not have sufficient knowledge or information to either admit or deny the allegations of Paragraph 16 of Plaintiff's Complaint.

18. The allegations in Paragraph 17 of Plaintiff's Complaint are denied.

### 19. COUNT TWO

20. Defendant incorporates by reference the responses to Plaintiff's allegation in Paragraphs 1-17.

21. The allegations in Paragraph 19 of Plaintiff's Complaint are denied.

### 22. AFFIRMATIVE DEFENSES

23. No payments received by Defendant from Debtor prior to August 24, 2009 were tendered to Defendant towards payment or satisfaction of any debt owed by Debtor to Defendant. Debtor, as the servicer of the mortgage loans on behalf of Defendant, was responsible for servicing and collecting loan payments and remitting such payments to Defendant in its ordinary course of business. In any event, even if Plaintiff was able to prove the elements of a preference pursuant to 11 U.S.C. §547(b), the transfers are not avoidable because such transfers would have been in payment of debts incurred by the Debtor in the ordinary course of business of the Debtor and

Defendant and that such transfers were made in the ordinary course of business or according to ordinary business terms pursuant to 11 U.S.C. §547(c)(2).

WHEREFORE; Defendant having fully answered Plaintiff's Complaint, Defendant requests this Court dismiss Plaintiff's Complaint with prejudice.

Respectfully submitted,

By: /s/ William L. Norton III
William L. Norton III
Bradley Arant Boult Cummings LLP
1600 Division St., Suite 700
Nashville, TN 37203
(615) 252-2397
bnorton@babc.com
Attorney for Henley Holdings, LLC

/s/ Lance Paul Cohen
Lance Paul Cohen
COHEN & THURSTON, PA
1723 Blanding Blvd., Suite 102
Jacksonville, FL 32210
904/388-6500
cohenthurston@cs.com
Attorney for Henley Holding, LLC

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on the 21st day of October, 2011, the foregoing document was automatically served via the Courts electronic filing system to those parties registered to receive electronic filings in this case and by U.S. Mail to

Kristopher E. Aungst
Berger Singerman, P.A
200 S. Biscayne Blvd., Suite 1000
Miami, FL 33131.

/s/ Lance Paul Cohen
Attorney